UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ELLIOTT KATTAN,

                            Petitioner,                      07 Civ. 11605 (CLB)

      - against -

                                                *Memorandum and Order*

J.M. KILLIAN, Warden, Federal Correctional
Institute - Otisville, New York,

                            Respondent.
--------------------------------------------------------x
Brieant, J.

      Before this Court for decision is the Petition of Elliott Kattan, a Federal prisoner, for a writ of *habeas corpus* pursuant to 28 U.S.C. §§ 2241, 2243 and 2248 to compel the Warden at the FCI in Otisville, New York to transfer him and designate him under the discretionary power of the Bureau of Prisons (BOP) to a "Residential Reentry Center" for the last ten percent of his Federal sentence. The "Unit Team" at Otisville initially recommended Petitioner for such transfer to an RRC (Residential Reentry Center) on and after June 13, 2008 and later, at his request, reevaluated his placement, changing its recommendation to up to sixty days before the end of Petitioner's sentence which is around June 2, 2008. Petitioner challenges this determination and apparently disagrees with the BOP's judgment as reflected in the recommendation of the Unit Team.

      This dispute implicates the Second Circuit's holding in *Levine, Apker* 445 F.3d 71 (2d Cir. 2006). In *Levine,* a panel of the Court of Appeals for the Second Circuit held that two separate agency actions of the BOP that limit the placement of Federal prisoners in what were

then known as Community Correction Centers (CCC's), commonly called halfway houses and now referred to as RRC's were void on various grounds. Prior to a policy change in December 2002, the BOP interpreted its governing legislation to hold that the Agency's general authority to designate places of imprisonment was not restricted by statute in designating a CCC for an inmate, and that it could place an inmate in a CCC for more than the last ten percent of the term of imprisonment and for more than six months, if appropriate. On December 13, 2002, the Department of Justice Office of Legal Counsel advised the BOP that this practice exceeded the Agency's statutory authority. The United States Attorney General's Office adopted this position on April 16, 2002, and issued a policy statement requiring that pre-release programing CCC designations are limited in duration to the last ten percent of the prison sentence, not to exceed six months.

The BOP later promulgated a new proposed rule, and opened the issue to notice and comment. The rule as adopted was consistent with the opinion of OLC but founded on statutory authority. See 28 C.F.R. § 570.20.

The panel opinion in *Levine* held (Judge Raggi dissenting) that the issue was justiciable under § 2241 of Title 28 and also that by promulgating a categorical rule governing all CCC placement, the BOP has exceeded its rule making authority and unlawfully curtailed its discretion under the statute to designate an inmate to a CCC at any time during the course of his or her sentence. Based on the plain text of the statute, the Court of Appeals determined that the BOP had broad discretion in assigning prisoners to correctional facilities and must do so

considering and having regard for a list of factors enumerated in the statute.

At the end, the BOP may place a prisoner when and where it wishes, so long as it considers the factors enumerated in § 3621.  While no recourse to legislative history was required in light of this plain meaning construction, the Court of Appeals found that the enumerated factors are also mandatory when the legislative history was considered.  The majority in *Levine* concluded that in transferring an inmate to a CCC (now RRC) or any available penal or correctional facility, the BOP must consider the factors set forth in § 3621(b), without reference to 28 C.F.R. § 570.21.

The institution appears to have done exactly that in Mr. Kattan's case.  His crime was not a crime of violence, the likelihood of recidivism appears slight.  He has a home to which he can return and a financial net worth in excess of Twelve Million Dollars which should be helpful in readjusting his life.

Finding no abuse of discretion, the Court denies the petition.

The Clerk shall file a final judgment.  A Certificate of Appealability shall be issued in light of the shortness of time before this recurring issue will become moot, and because of the Court's concern as to the appropriate scope of judicial review under *Levine*.

SO ORDERED.

Dated: White Plains, New York
       March 26, 2008

                                    _____
                                    Charles L. Brieant, U.S.D.J.